IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HENRY TRUJILLO PEDROMO, §
 §
 Petitioner, §
 §
V. § No. 4:19-CV-171-Y
 §
ERIC D. WILSON, Warden, §
FMC-Fort Worth, §
 §
 Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Henry Trujillo Pedromo, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition is premature and should be dismissed. No service has issued upon Respondent.

I. Factual and Procedural History

Petitioner is serving a 108-month term of imprisonment for his 2012 conviction in the Tampa division of the United States District Court for the Middle District of Florida, Case No. 8:11-CR-494-T-27TGW, for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel. (Pet. 3, doc. 1.) The Bureau of Prisons (BOP) has calculated his projected release date as August 26, 2019, via good conduct time. (Pet. 8, doc. 1.) See U.S. Department of Justice, Federal Bureau of

Prisons/Inmate Locator, http://www.bop.gov (last visited May 16, 2019). In this petition, Petitioner asserts that he is entitled to an additional 63 days of good-conduct-time credit toward his sentence under the First Step Act of 2018.[1] (Pet. 5, doc. 1.)

## II. Discussion

A district court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULES GOVERNING SECTION 2254 CASES 1(b), 4. From the face of the petition, it is clear that Petitioner is not entitled to relief.

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas*, 560 U.S. 474, 476 (2010) (upholding the BOP's method of awarding good time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1). However, the relevant provisions of the new law have not yet taken effect and will not take effect until the attorney general completes the "risk

---

[1] By way of handwritten correspondence in Spanish received by the clerk of Court on May 8, 2019, the Court is informed that Petitioner provides proof that he has completed a prison "HVAC" class and was told that, by doing so, he would receive a 45-day sentence reduction. (Ltr., doc. 6.) The Court takes no action in response to the letter as it was not properly prepared, signed, and filed with the clerk in compliance with the Local Rules and Federal Rules of Civil Procedure.

2

and needs assessment system" under §§ 101(a) and 102(b)(2) of the Act. The Act gives the attorney general up to 210 days from the December 21, 2018, enactment date to complete the task. *See Hoenig v. United States,* No. 4:19-CV-374-Y, 2019 WL 2006695-Y, at *1 (N.D. Tex. May 7, 2019)*; Greene v. Underwood,* No. 4:19-CV-160-Y, 2019 WL 1531673, at *1 (N.D. Tex. Apr. 9, 2019), *appeal docketed,* No. 19-10474 (5th Cir. Apr. 25, 2019). Consequently, § 102(b)(1) will not take effect until approximately mid-July 2019. *See Greene,* 2019 WL 1531673, at *1; *Hoenig,* 2019 WL 2006695-Y at *1.

Petitioner asserts that "[b]oth the good conduct time amendment and the System are independent from each other and were created for separate purposes"; thus, the BOP's "interpretation of the [Act] is capricious and arbitrary as it will require that [he] serve an additional 25 days in prison without reasonable justification or authority in law." (Pet. 5, doc. 1.) However, because the BOP does not have the authority to recalculate Petitioner's good-conduct time credit until the relevant provisions of the Act take effect, the question of whether he is entitled to recalculation of his good-time credit is premature, and this Court is powerless to alter that fact. *See Greene,* 2019 WL 1531673, at *2; *Hoenig,* 2019 WL 2006695-Y at *2. *Accord Christopher v. Wilson,* No. 4:19-CV-214-O, 2019 WL 1745968, at *2 (N.D. Tex. Apr. 18, 2019); *Molina v. Underwood,* No. 3:19-CV-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019); *Horton v. Warden, Fed. Med. Ctr.,*

No. 9:19-CV-42, 2019 WL 2094442, at *2 (E.D. Tex. Apr. 5, 2019).

Therefore, for the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

SIGNED May 20, 2019.

                                                _____
                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE